# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| CARLTON MANN, SR., <br><br> Plaintiff, <br><br> v. <br><br> PRINCE TELECOM, LLC, <br><br> Defendant. | Civil No. 1:12-06263 (RMB/AMD) <br><br> **OPINION** |

Appearances

Jeremy Charles Rosenbaum
1218 Chestnut Street
Suite 1004
Philadelphia, PA 19107
    Attorney for Plaintiff Carlton Mann, Sr.

Arthur J. Murray
Jacobs & Barbone, PA
1125 Pacific Avenue
Atlantic City, NJ 08401
    Attorney for Defendant Prince Telecom, LLC

**BUMB**, UNITED STATES DISTRICT JUDGE:

    Plaintiff Carlton Mann, Sr. (the "Plaintiff" or "Mann") asserts employment discrimination and retaliation claims under 42 U.S.C.A. § 1981 ("§ 1981") (Counts I and III) and the New Jersey Law Against Discrimination (the "NJLAD"), N.J. Stat. Ann. § 10:5-1 (Counts II and IV). Defendant Prince Telecom, LLC (the "Defendant" or "Prince Telecom") has moved to dismiss all claims in the First Amended Complaint for failure to state a claim for

relief pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, this motion is DENIED.

## I. BACKGROUND

Mann commenced this action by filing a Complaint against Prince Telecom on October 5, 2012 (Dkt. Ent. 1), which he subsequently amended on January 8, 2013 (Dkt. Ent. 10).[1] The First Amended Complaint ("Amended Complaint") alleges the following facts. Mann is a black male and an observant Muslim, who was a supervisory employee of Ocean Cable, Inc. ("Ocean Cable") in Pennsylvania. (Id. ¶¶ 1, 6.) On or about June 1, 2010, Mann filed dual complaints of race discrimination with the Pennsylvania Human Relations Commission ("PHRC") and the United States Equal Employment Opportunity Commission ("EEOC") against Ocean Cable. (Id. ¶ 7.) In late 2011, while these complaints were still pending, Ocean Cable employees were informed that Prince Telecom had agreed to buy Ocean Cable and that all employees would need to apply for new positions with Prince Telecom. (Id. ¶¶ 8, 17.)

On December 24, 2011, Mann arrived at Ocean Cable's Philadelphia office for a meeting,[2] along with other Ocean Club

---

[1] In the interim between the original and the Amended Complaint, Defendant filed its motion to dismiss. (Dkt. Ent. 8.) Defendant subsequently requested the Court continue to consider its motion to dismiss because the Amended Complaint failed to cure most of the defects that Defendant had noted in its motion. (Dkt. Ent. 14.)

[2] Both the Complaint and the Amended Complaint allege that this meeting occurred on December 24, 2012. Because the initial complaint was filed on

2

employees, to apply for a position with Prince Telecom. (Am. Compl. at ¶ 12.) Mann was provided an application by Defendant's Human Resources Director, Anita Varghese. (Id. ¶ 13.) When Varghese saw Mann, wearing a beard and mustache "common with observant Muslims," she told him he was not from "here" and "looked like an A-rab." (Id. ¶ 14.) Although Mann attempted to apply for a position with Prince Telecom at the meeting, Varghese refused to accept his application because he failed to provide her with his Social Security card. (Id. ¶ 15.) Plaintiff alleges that Varghese accepted applications from other Ocean Cable employees without requiring them to present their Social Security cards. (Id.) When Plaintiff subsequently attempted to inquire about his application, Varghese did not directly respond but simply informed Mann that he "could be fired for any reason." (Id. ¶ 16.)

Additionally, Mann discussed his employment with Robert Mills, the former owner or principal of Ocean Cable. (Am. Compl. ¶ 17.) Mills had since become a managerial employee of Prince Telecom and had knowledge of, or was involved with, Prince Telecom's hiring of former Ocean Cable employees. (Id.) Mills informed Mann that he had "left a bad taste" in Defendant's

---

October 5, 2012—before the alleged meeting date-the Court will assume for purposes of this motion that this is a typographical error and the meeting occurred in December 2011.

"mouth," and suggested that Mann drop his pending race discrimination complaints against Ocean Cable. (Id.)

Prince Telecom did not offer employment to Mann. (Am. Compl. ¶ 18.) Most if not all employees of Ocean Cable were hired, offered employment, or considered in good faith for employment. (Id. ¶ 10.) Mann asserts that he was more or at least as qualified for a position as comparable applicants from Ocean Cable who had not filed race discrimination claims. (Id. ¶ 11.)

On December 29, 2012, Prince Telecom filed a motion to dismiss, arguing that Plaintiff failed to allege sufficient factual material to support a prima facie case for race discrimination or retaliation under either § 1981 or the NJLAD. In addition, Prince Telecom argues that Plaintiff's NJLAD claims must be dismissed because all employment actions occurred in Pennsylvania and, therefore, the NJLAD does not apply.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 663, 678 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678). The Court conducts a three-part analysis when reviewing a claim:

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotations omitted); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) ("...[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

**III. ANALYSIS**

Plaintiff asserts claims of race discrimination and retaliation under both § 1981 and the NJLAD. New Jersey enacted the NJLAD in furtherance of the state's public policy "to eradicate invidious discrimination from the workplace." Carmona v. Resorts Int'l Hotel, Inc., 915 A.2d 518, 528 (N.J. 2007) (quoting Craig v. Suburban Cablevision, Inc., 660 A.2d 505, 508 (N.J. 1995)). The NJLAD makes it unlawful for an employer to refuse to hire an individual because of his race. N.J. Stat.

Ann. § 10:5-12(a). Similarly, § 1981 provides a federal remedy against race discrimination in private employment. Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 459-60, (1975); Gray v. R.J. Reynolds Tobacco Co., No. 09-3788, 2011 WL 114868, at *7 (D.N.J. Jan. 13, 2011).

**A.   The NJLAD Applies to Plaintiff's Claims**

As an initial matter, Prince Telecom asserts that the NJLAD claims must be dismissed because the Amended Complaint fails to allege a sufficient legal nexus to the State of New Jersey as is necessary to render the NJLAD applicable. (Dkt. Ent. 16 at 1-2.) The Court disagrees.

New Jersey courts have consistently applied the law of the state of employment to claims of workplace discrimination. McGovern v. Southwest Airlines, No. 12-3579, 2013 WL 135128, at *1 (D.N.J. Jan. 8, 2013). Thus, a court generally should apply the NJLAD only if the claimant was employed in New Jersey. See, e.g., Buccilli v. Timby, Brown & Timby, 660 A.2d 1261, 1264 (N.J. Super. Ct. App. Div. 1995) (finding New Jersey resident employed in Pennsylvania could not assert claim under the NJLAD against law firm even though it had offices in New Jersey); Satz v. Taipina, No. 01-5921, 2003 WL 22207205, at *17-18 (D.N.J. Apr. 15, 2003) (finding plaintiff could not assert claim under

the NJLAD where defendants had offices in New Jersey, but plaintiff worked exclusively in Pennsylvania and Delaware).[3]

Defendant argues that Mann was not employed by Prince Telecom in New Jersey, and, moreover, his sole interaction with Prince Telecom occurred in Philadelphia. (See Am. Compl. ¶¶ 6-7, 12.) In light of the allegation that Prince Telecom is a New Jersey company, however, the Court will assume for purposes of this motion that the position for which Mann applied or attempted to apply was based in New Jersey. (Am. Compl. ¶ 2; see also Pl.'s Mem. in Opp., Dkt. Ent. 17 at 10 (asserting that other Ocean Cable employees obtained positions with Prince Telecom in New Jersey).) Because the prospective employment opportunity was in New Jersey with a New Jersey employer, the Court finds a sufficient New Jersey nexus to permit Plaintiff's NJLAD claims to proceed. See, e.g., McGovern, 2013 WL 135128, at *2. If this fact is not borne out in discovery, then Prince Telecom may be able to reassert this argument, successfully, at a later time.

---

[3] There are exceptions to the general rule, including when positions are based out-of-state but include "non-trivial employment responsibilities" in New Jersey. See McGovern, 2013 WL 135128, at *2. What level or quality of duties will satisfy this test is not entirely clear, however. Compare McDonnell v. State of Ill., 748 A.2d 1105 (N.J. 2000) (affirming the NJ Appellate Court holding that the NJLAD applies to out-of-state employer when New Jersey resident worked in Illinois Department of Revenue field office in New Jersey), with Weinberg v. Interep Corp., No. 05-5458, 2006 WL 1096908, at *7 (D.N.J. Apr. 26, 2006) (five percent of sales in New Jersey were not substantial enough proportion of job duties for the NJLAD to apply).

Defendant also points to allegations that Mann previously was employed in Pennsylvania and is currently a Pennsylvania resident. It is difficult to understand how Plaintiff's prior place of employment with Defendant's predecessor bears on this issue at all. In addition, a plaintiff's state of residency does not determine whether that plaintiff may assert claims under the NJLAD. See, e.g., Buccilli, 660 A.2d at 1264; Brunner v. AlliedSignal, Inc., 198 F.R.D. 612, 614 (D.N.J. 2001).

Accordingly, Defendant's motion to dismiss Counts III and IV on these grounds is denied without prejudice.

### B. Plaintiff has Alleged Sufficient Racial Discrimination Claims under § 1981 and the NJLAD

In the employment discrimination context, § 1981 and NJLAD claims are analyzed under the three-step, burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and refined in Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). See Davis v. City of Newark, 285 F. App'x 899, 903 (3d Cir. 2008); Wallace v. Federated Dep't Stores, Inc., 214 F. App'x 142, 144-45 (3d Cir. 2007); Campbell v. Sup. Ct. of N.J., No. 11-555, 2012 WL 1033308, at *17 (D.N.J. Mar. 27, 2012).[4]

---

[4] The elements of a prima facie case under the NJLAD and § 1981 are the same. See Carmona 915 A.2d at 529 (in examining NJLAD claims, "we follow parallel federal precedents").

8

At the first step, in order to prove a prima facie case of racial discrimination under § 1981 and the NJLAD, a plaintiff must demonstrate: "(1) s/he is a member of a protected class; (2) s/he was qualified for the position s/he sought to attain or retain; (3) s/he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination." Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008) (citing McDonnell Douglas, 411 U.S. at 802); Chapman v. Am. Inst. of Certified Pub. Accountants, 233 F. App'x 141, 143 (3d Cir. 2007). "The burden of establishing a prima facie case of disparate treatment is not onerous," Burdine, 450 U.S. at 253, and at the pleadings stage, a plaintiff needs to allege only enough facts to "raise a reasonable expectation that discovery will reveal evidence of" the necessary element, Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556 (2007)).

Prince Telecom first argues that Mann cannot demonstrate that he suffered an adverse employment action because he fails to allege that he actually applied for employment with Defendant.[5] But, this argument misunderstands the crux of Plaintiff's claim. Mann alleges that Varghese, Defendant's Human

---

[5] Although Defendant initially argued that Plaintiff had failed to identify his race, color, religion, or perceived national origin, Defendant concedes that Plaintiff's Amended Complaint now includes such an allegation. (Def.'s Reply Br., Dkt. Ent. 18 at 1.)

9

Resources Director, commented that he was not from "here" and "looked like an A-rab." She then allegedly refused to accept his employment application purportedly because he failed to provide his Social Security card. Yet, as alleged, Varghese did not require the other applicants to provide their Social Security cards as a prerequisite to accepting their applications. After Varghese refused to accept his application during the December meeting, Mann subsequently contacted her to inquire about his application but was rebuffed. Mann thus bases his discrimination claims on Defendant's alleged refusal to accept his application on account of his race.

"Courts have generally held that the failure to formally apply for a job opening will not bar a Title VII plaintiff from establishing a prima facie claim of discriminatory hiring, as long as the plaintiff made every reasonable attempt to convey his interest in the job to the employer." EEOC v. Metal Serv. Co., 892 F.2d 341, 348 (3d Cir. 1990) (collecting cases). Plaintiff's conduct, as alleged, clearly indicated his interest in a position with Defendant and these allegations are sufficient regardless of whether he actually submitted an application.

Prince Telecom next contends that Mann's failure to allege that similarly-situated employees outside his protected class were treated more favorably is fatal to his claims. This

argument has been rejected by numerous courts in this Circuit. See, e.g., Scrutchins v. Div. of Youth & Family Servs., No. 05-925, 2008 WL 474103, at *8, 10 (D.N.J. Feb. 15, 2008) ("It is well-established in this Circuit that 'a plaintiff need not prove, as part of her prima facie case, that she was replaced by someone outside of the relevant class.'" (citing Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 349 (3d Cir. 1999))); Johnson v. Keebler-Sunshine Biscuits, Inc., 214 F. App'x 239, 242 (3d Cir. 2007) (stating "this Court no longer requires a plaintiff to show that he was replaced by someone outside of the protected class to establish an inference of discrimination"); Wastak v Lehigh Valley Health Network, 342 F.3d 281, 287 n.1 (3d Cir. 2003).

Although the existence of similarly-situated employees who were treated differently than the plaintiff may permit the inference of discriminatory intent, it does not constitute a required element of Plaintiff's prima facie case. See Scrutchins, 2008 WL 474103, at *8, 10 (NJLAD claim) (citing Pivirotto, 191 F.3d at 349); see also Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 268-69 (3d Cir. 2010) (§ 1981 claim) ("[W]hile "comparative evidence is often highly probative of discrimination, it is not an essential element of a plaintiff's case."). Rather, under McDonnell Douglas, Plaintiff only needs to allege sufficient facts to give rise to an inference of

discriminatory intent. <u>Chapman</u>, 233 F. App'x at 143; <u>Davis</u>, 285 F. App'x at 903. Plaintiff has done so here.

The Amended Complaint's allegations regarding Varghese's comments about Plaintiff's race and origin, in combination with allegations that she refused to accept Plaintiff's application without his Social Security card but accepted others, are sufficient to infer that her actions were compelled by discriminatory animus. Moreover, Mann claims to be more or at least as qualified as the other Ocean Club employees, nearly all of whom were allegedly hired or considered in good faith. Yet, Defendant did not hire or offer Plaintiff employment. These facts, taken as true, support an inference that Prince Telecom refused to accept Mann's employment application, or to offer him employment, because of his race. Thus, Mann has sufficiently pled a <u>prima facie</u> case for unlawful racial discrimination.[6]

### C. Plaintiff has Alleged Sufficient Retaliation Claims under § 1981 and the NJLAD

To establish a <u>prima facie</u> case of retaliation under § 1981 and the NJLAD, a plaintiff must demonstrate that: "(1) he engaged in [a] protected activity, (2) his employer took an adverse employment action against him, and (3) there was a

---

[6] Plaintiff appears to argue that Varghese's remarks may constitute sufficient direct evidence of discriminatory intent and therefore, the <u>McDonnell Douglas</u> framework may not apply. (Pl.'s Opp. 6-7); <u>see</u> <u>Lowe v. Medco Health Solutions of Willingboro, LLC</u>, No. 10-4823, 2012 WL 1495440, at *7 (D.N.J. Apr. 17, 2012) (<u>McDonnell Douglas</u> framework typically applies in the absence of direct evidence of discrimination). The Court need not address this argument at this time as it finds the allegations of the Amended Complaint sufficiently state a claim for racial discrimination.

12

causal connection between his participation in the protected activity and the adverse employment action." Estate of Olivia v. NJ Dep't of Law & Pub. Safety, Div. of State Police, 604 F.3d 788, 798 (3d Cir. 2010) (§ 1981); Davis, 417 F. App'x at 202 (NJLAD). A causal connection usually can be demonstrated by showing: "(1) temporal proximity between the protected activity and the adverse employment action; (2) an intervening pattern of antagonism; or (3) other facts, that, when 'looked at as a whole,' are sufficient to raise an inference." Newton-Haskoor v. Coface N. Am., No. 11-3931, 2012 WL 1813102, at *5 (D.N.J. May 17, 2012); Cottrell v. Zagami, LLC, No. 08-3340, 2012 WL 479972, at *4 (D.N.J. Feb. 14, 2012). Defendant argues that the Amended Complaint fails to allege a causal connection, but this Court disagrees and finds the allegations as a whole are sufficient to raise an inference that Defendant refused to hire Plaintiff because he had filed two race discrimination complaints against Defendant's predecessor.

Mann filed the discrimination complaints against Ocean Cable on or about June 1, 2010, though they were still pending in late 2011 when it was announced that Prince Telecom intended to purchase Ocean Cable. Plaintiff's protected activity is thus too remote in time to support a causal connection through temporal proximity to Defendant's refusal to hire Plaintiff. See Dooley v. Roche Labs., Inc., No. 04-2276, 2007 WL 556885, at *10

(D.N.J. Feb. 15, 2007) (finding one year interval was too long to establish temporal proximity); see also Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 760 (3d Cir. 2004) (stating two month lapse was not sufficient to establish causal link on its own).

However, Robert Mills' comments to Plaintiff suggest that Defendant not only had learned of Plaintiff's discrimination complaints but also had reacted negatively to such knowledge. Mills, Ocean Cable's former owner or principal, informed Plaintiff that he had left a "bad taste" in Prince Telecom's "mouth" and suggested Plaintiff drop his pending complaints against Ocean Cable. Thus, while the Amended Complaint does not allege that Varghese knew about the charges, it does assert that Mills—who did know about the pending charges—"had knowledge of, or was otherwise involved with, the hiring of former Ocean [Cable] employees to work with Defendant." (Am. Compl. ¶ 17.) Accordingly, it is plausible that, after learning of Plaintiff's pending race discrimination complaints against Defendant's predecessor, Defendant decided not to offer Plaintiff employment. See Abramson v. William Patterson College, 260 F.3d 265, 288 (3d Cir. 2001) (stating the Court need not rely on timing alone because the plaintiff presented additional circumstantial evidence to show causal nexus); see also Farrell v. Planters Lifesavers Co., 206 F.3d 271, 283-84 (3d Cir. 2000)

(stating "a plaintiff may rely upon a broad array of evidence" to illustrate a causal link for retaliation).

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff has sufficiently alleged claims for racial discrimination and unlawful retaliation under § 1981 and the NJLAD. Prince Telecom's Motion to Dismiss is hereby DENIED. An appropriate Order will issue herewith.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Date: July 26, 2013